### DEN, ON THE DEMISE OF WOOLLEY, v. BREWER.

A party cannot set up a title in another person contrary to a recital in his own deed.

The lessor of the plaintiff claimed title under a deed from the late sheriff of Monmouth county to himself, for the lands in question sold under an execution upon a judgment of Hankinson against Brewer, the present defendant.  This deed was dated March 27th, 1790.  The judgment and execution were undisputed, and it was admitted the lands in question were those described in the deed to Woolley.

The defendant contended that at the time of the sale before mentioned, he had no property in the premises.  He proved that there had been a prior judgment against him at the suit of the administrators of Mott, under which the same lands had been sold, and gave in evidence a deed from John Taylor, late sheriff, to John Williams, for the property in question.

The plaintiff, to rebut this defence, proved a mortgage from Brewer, subsequent to the deed from Taylor to Williams, dated July 12th, 1776, to the loan office, for part or the whole of these lands, in which deed of mortgage there was a recital of a conveyance by Williams to Brewer, and the receipt for the money secured was endorsed on it.

The court, in their charge to the jury, declared that under these circumstances, the defendant could not be permitted to controvert the title of the plaintiff, but that he was bound by the recital in his own mortgage deed.

                                        Verdict for plaintiff.

CITED in Burham v. Vanness, 5 Hal. 102.